**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JESSICA HICKLIN | ) |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:21-cv-439 |
| | ) |
| PAUL BLAIR, | ) |
| POTOSI CORRECTIONAL CENTER | ) |
| WARDEN | |
| | ) |
| Respondent. | ) |

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT**
**OF HABEAS CORPUS BY PERSON IN STATE CUSTODY**

1.  **a. Name and location of court which entered the judgment of conviction being**

    **challenged:** Johnson County Circuit Court, Johnson County Justice Center, 100 West

    Market Street, Warrensberg, MO, 64093

    **b. Case number:** CR0496-000008FX

2.  **a. Date of sentence:** April 21, 1997

3.  **Length of sentence:** Life without parole and 100 years

4.  **In this case, were you convicted on more than one count or of more than one**

    **crime:** Yes

5.  **Identify all crimes of which you were convicted and sentenced in this case:** First

    Degree Murder, Armed Criminal Action

6.  **What was your plea?**

    Not Guilty

1

7.      **Did you testify at a pretrial hearing, trial, or a post-trial hearing?** Yes (PCR Hearing)

8.      **Did you appeal from the judgment of conviction? Yes [X] No [  ]**

9.      **If you did appeal, answer the following:**

   **(a) Name of Court:** Missouri Court of Appeals, Western District

   **(b) Docket or case number:** WD54270

   **(c) Result:** Affirmed

   **(d) Date of Result: June 9, 1998**

   **(e) Citation to the case:** *State v. Hicklin*, 969 S.W.2d 303 (Mo. 1998)

   **(f) Grounds Raised:**

   a.   Denial of access to conviction reports of witnesses violated right to confrontation

   b.   Trial court erred in admitting highly [prejudicial?] recorded statement

   c.   Fifth Amendment/Miranda violation

   **(g) Did you seek further review in a higher state court?** No

   **(h) Did you file a petition for certiorari in the United States Supreme Court?** No

10.     **Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?**

   **Yes[X] No [  ]**

11.     **If your answer to Question 10 was "Yes," give the following information:**

   **(a)        (1)        Name of Court:** Johnson County Circuit Court

   **             (2)        Docket or case number:** CV498-539CC

**(3)** **Date of filing:** September 29, 1998

**(4)** **Nature of the proceeding:** Motion pursuant to Missouri Supreme Court Rule 29.15/Post-Conviction Relief

**(5)** **Grounds raised:**

a. Juvenile court proceedings deprived movant of multiple rights, including effective assistance of counsel, when determining whether movant was amenable to rehabilitation under the juvenile code

b. Refusal to disclose witnesses' delinquency records denied movant the right to confront witnesses

c. Trial counsel failed to object to and appellate counsel failed to brief multiple improper, prejudicial and inflammatory statements made by the prosecutor during opening and closing arguments including comments on movant's post arrest silence

d. Counsel rendered ineffective assistance in failing to investigate circumstances and validity of Miranda waiver, in failing to investigate exculpatory evidence, in failing to present exculpatory evidence to the jury and in failing to object to inadmissible evidence

e. State's failure to make timely and complete disclosure regarding the identity of two government informers with exculpatory evidence violated movant's due process rights

f. Prosecutor instructed material witnesses who possessed exculpatory evidence not to talk to defense counsel

g. Counsel failed to advise movant concerning right to testify

h. Counsel elicited prejudicial and inflammatory testimony from the deputy juvenile officer

i. Movant's invocation of right to remain silent used against her in violation of her Fifth Amendment right

j. Trial counsel was operating under actual conflict of interest

k. Appellate counsel failed to brief multiple meritorious claims

**(6)   Did you receive a hearing where evidence was given on your petition, application, or motion?** Yes

**(7)   Result**: Petition denied

**(8)   Date of result**: March 23, 2001

**(b) If you filed any second petition, application, motion, give the same information**:

**(1) Name of court**: Missouri Supreme Court (subsequent to habeas filing in Washington County and Missouri Court of Appeals, Eastern District)

**(2) Docket or case number**: SC94211

**(3) Date of filing**: May 22, 2014

**(4) Nature of proceeding**: Petition for Writ of Habeas Corpus Pursuant to Missouri Supreme Court Rule 91

**(5) Grounds raised**:

a. Petitioner's sentence violates the Eighth and Fourteenth Amendments

b. Petitioner is actually innocent

c. Denial of effective assistance of counsel

d. There were multiple errors during the certification proceedings in Juvenile Court, resulting in jurisdictional errors

e. The trial court committed multiple errors, including a Brady violation, admission of prejudicial and inflammatory statements and assisting the State with its case by refining its original theory (which supported a self-defense case of voluntary manslaughter) into a theory supporting first degree murder

f. Multiple claims of prosecutorial misconduct

g. Ineffective assistance of juvenile counsel during certification proceedings

h. Ineffective assistance of trial counsel including failure to investigate, failure to test state's evidence, failure to advise petitioner to testify, eliciting prejudicial testimony, acting under an actual conflict of interest, failure to invoke compulsory discover processes, failure to cross-examine witnesses, making prejudicial and inflammatory remarks during closing, failure to file an objection to the certification to stand trial as an adult and failure to object to multiple instances of prosecutorial misconduct

i. Juvenile counsel was acting under an actual conflict of interest

j. Petitioner experienced a constructive denial of appellate counsel

**(6) Did you receive a hearing where evidence was given on your**

petition, application, or motion? No

(7) **Result**: Petition denied as moot

(8) **Date of result**: July 19, 2016

(c) **If you filed a third petition, application, or motion, give the same**

**information:** Yes

(1) **Name of court:** Missouri Supreme Court (subsequent to initial filing

in Cole County and appeal to the Missouri Court of Appeals, Western

District)

(2) **Docket or case number:** SC97692

(3) **Date of filing:** February 11, 2019

(4) **Nature of proceeding:** Appeal from the Cole County Circuit Court

denial of a Petition for Declaratory Judgment

(5) **Grounds raised:**

The trial court erred in granting State's Motion for Judgment on

the Pleadings becuse:

a. Hicklin's sentence of life without eligibility of parole under §

565.020.2, RSMo 1994 is void and not constitutionally sound in

that Hicklin was sixteen years old when the crime was committed

and there was no individualized consideration of Hicklin or her

circumstances (the Miller factors) at the time of the sentencing and

the 2016 repeal of § 565.020.2 and enactment of a replacement

statute does not cure this void and unconstitutional sentence.

6

b.  Hicklin's sentence to life without the eligibility of parole under
    §565.020.2, RSMo 1994, is unconstitutional and void despite the
    passage of § 558.047, RSMo 2016, in that, § 558.047, RSMo 2016,
    cannot apply retroactively to change a void sentence and therefore
    the passage of Senate Bill 590 in 2016—adding § 558.047 and
    repealing and replacing § 565.020—does not change Hicklin's
    void and unconstitutional sentence.

c.  Even if § 558.047, RSMo 2016, did change Hicklin's sentence, it
    did not cure the constitutional defect, in that § 558.047, RSMo
    2016, does not make Hicklin eligible for parole, it purports to
    replace one harshest-possible sentence with another harshest-
    possible sentence, and it deprives Hicklin of the right to jury
    sentencing.

d.  § 558.047, RSMo 2016, violates the separation of powers, in
    that it allows the parole board (an executive agency) to make the
    final application of the Miller factors to Hicklin instead of allowing
    a sentencer (the judicial branch) to apply the factors thereby
    stripping this sentencing power from the judicial branch and
    investing it in an executive agency and removing any new
    "sentence" from all judicial review.

e.  A declaratory judgment action is the appropriate vehicle for relief,
    in that the trial court erroneously relied on Charron v. State, 257
    S.W.3d 147 (Mo. App. W.D. 2008), and there is no adequate

remedy at law—including post-conviction or habeas actions—for

Jessica Hicklin's claims related to the constitutionality of a state

statute.

**(6) Did you receive a hearing where evidence was given on your**

**petition, application, or motion?** Yes

**(7) Result:** Denial affirmed

**(8) Date of Result:** November 24, 2020

**(d) Did you appeal to the highest state court having jurisdiction over the action**

**taken on your petition, application, or motion?**

**(1) First petition:** Yes

**(2) Second petition:** Yes

**(3) Third petition:** Yes

12.     **For this petition, state every ground on which you claim that you are being held**

**in violation of the Constitution, laws, or treatises of the United States.**

Section 2254(d) states, as follows:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State Court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Here, *Miller v. Alabama* is clearly established Federal law and applies

retroactively. *See Montgomery v. Louisiana*, 577 U.S. 190, 209 (2016). On three

8

grounds, as detailed below, Ms. Hicklin's sentence of life in prison without eligibility for probation or parole (for an offense committed as a sixteen-year old without consideration of the factors in *Miller*) is contrary to clearly established Federal law as determined by the Supreme Court.

**GROUND ONE:** Ms. Hicklin's sentence of life without the eligibility for parole under § 565.020.2, RSMo 1994, is void and violates the Eighth Amendment, in that Hicklin was sixteen years old when the crime was committed and there was no individualized consideration of Hicklin or her circumstances (the *Miller* factors) at the time of the sentencing.

Hicklin was sixteen years old in 1995 when the events occurred leading to her conviction for first-degree murder. After a jury found her guilty, she was sentenced to life in prison without eligibility for probation or parole. However, there was no consideration of her youth nor her circumstances because the sentence of life without eligibility for probation or parole was mandatory under Missouri law. § 565.020.2, RSMo 1994.[1]

The 2016 repeal of § 565.020.2 and enactment of a replacement statute does not change the fact that § 565.020.2, RSMo 1994, is the statute under which Hicklin was sentenced; Hicklin was sentenced under an unconstitutional statute, which could not

---

[1] "Murder in the first degree is a class A felony, and the punishment shall be either death or imprisonment for life without eligibility for probation or parole, or release except by act of the governor; except that, if a person has not reached his sixteenth birthday at the time of the commission of the crime, the punishment shall be imprisonment for life without eligibility for probation or parole, or release except by act of the governor." § 565.020.2, RSMo 1994.

be validated by a subsequent statute.[2] No subsequent repeal and replacement of the statute cures it from being void as to her. Because Hicklin was sentenced under § 565.020.2, RSMo 1994, her sentence remains in all respects as if § 565.020.2, RSMo 1994, had remained in force. The sentence is not valid because § 565.020.2, RSMo 1994, does not provide a constitutionally sound punishment for Hicklin.

Section 565.020.2, RSMo 1994, mandated that Hicklin be sentenced to imprisonment for life without eligibility for probation or parole. Mandatory life-without-parole sentences for juveniles convicted of homicide are unconstitutional. *Miller v. Alabama*, 567 U.S. 460, 479 (2012). "[I]mposition of a State's most severe penalties on juvenile offenders cannot proceed as though they were not children." *Id.* at 474. A sentencer that does not consider an offender's youth cannot assess whether the most severe penalty "proportionately punishes a juvenile offender." *Id.* "[Y]outh is more than a chronological fact." *Id.* at 476. Post-*Miller*, the factors that must be considered by the sentencer in determining what punishment a juvenile convicted of murder should receive are: (1) the juvenile's "chronological age and its hallmark features," such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the family and home environment surrounding the juvenile "from which he cannot usually extricate himself, no matter how brutal or dysfunctional"; (3) the circumstances of the homicide offense, including "the extent of his participation

---

[2] It is well established that a sentence imposed under an unconstitutional or otherwise imposed although beyond the state's authority is void. *Montgomery*, 136 S. Ct. at 724 (citing *Ex parte Siebold*, 100 U.S. 371, 376—77 (1879).

in the conduct and the way familial and peer pressures may have affected him"; and

(4) "the possibility of rehabilitation." *Id.* at 477-78.[3]

Hicklin was sentenced to imprisonment for life without eligibility for probation or parole without consideration of any of the *Miller* factors. Thus, § 565.020.2, RSMo 1994, failed to provide a constitutionally sound penalty as to Hicklin, and her sentence is void.

Because Hicklin's penalty remains as if § 565.020.2, RSMo 1994, had remained in force, the validity of the sentence must be considered. Hicklin's sentence is void

---

[3] Juvenile offenders must be treated differently from adult offenders because "children are different." *Miller*, 567 U.S. at 481. They are different because "[d]evelopments in psychology and brain science continue to show fundamental differences between juvenile and adult minds." *Graham v. Florida*, 560 U.S. 48, 68 (2010). The differences are myriad:

> First, children have a lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking. Second, children are more vulnerable to negative influences and outside pressures, including from their family and peers; they have limited control over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings. And third, a child's character is not as well formed as an adult's; his traits are less fixed and his actions less likely to be evidence of irretrievable depravity.

*Miller*, 567 U.S. at 471 (quotation marks and citations omitted). Indeed, youth "is a time of immaturity, irresponsibility, impetuousness, and recklessness;" it is "a moment and condition of life when a person may be most susceptible to influence and to psychological damage;" and "its signature qualities are all transient." *Id*. at 476 (internal quotation marks and brackets omitted).

"Parts of the brain involved in behavior control continue to mature through late adolescence." *Graham*, 560 U.S. at 68. For this reason, "only a relatively small proportion of adolescents who engage in illegal activity develop entrenched patterns of problem behavior." *Miller*, 567 U.S. at 471 (internal quotation marks omitted). The actions of a juvenile "are less likely to be evidence of irretrievably depraved character than are the actions of adults." *Graham*, 560 U.S. at 68 (internal quotation marks omitted). For all of these reasons, "a greater possibility exists that a minor's character deficiencies will be reformed," so it "would be misguided" to treat a juvenile offender the same as an adult. *Id.*

because it was imposed under a sentencing procedure that is unconstitutional as applied to juveniles. It is not merely the sentence—mandatory life without parole—that is unconstitutional; the sentencing statute does not provide for a constitutionally sound sentence for Hicklin because it prohibited consideration of her youth. The law is a nullity, as applied to Hicklin, and, thus, her sentence is void. Further, Hicklin's sentence is a violation of the Eighth Amendment because she was sentenced to life without eligibility for probation or parole without considering the *Miller* factors.

This Court should issue a writ of habeas corpus and instruct the Missouri Supreme Court to order that Ms. Hicklin be resentenced for the offense of first-degree murder after consideration of the *Miller* factors.

**GROUND TWO:** Ms. Hicklin's sentence of life without the eligibility for probation or parole under § 565.020.2, RSMo 1994, is unconstitutional and void despite the 2016 passage of Senate Bill 590, which, among other things, repealed and replaced § 565.020, RSMo 1994, with a new version of that statute, and added § 558.047 (noted, in part below).[4]

> Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years if age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence . . . after serving twenty-five years of incarceration on the sentence of life without parole."

§ 558.047.1(1)).

Section 558.047, RSMo 2016, does not change Hicklin's sentence because the

---

[4] "Sections 565.020, 565.030, 565.032, and 565.040, RSMo, are repealed and seven new sections enacted in lieu thereof, to be known as sections 558.047, 565.020, 565.030, 565.032, 565.033, 565.034, and 565.040." CHILDREN AND MINORS—LIFE IMPRISONMENT—PAROLE, 2016 Mo. Legis. Serv. S.B. 590.

legislature cannot enact new substantive penal laws to change void sentences retroactively. Hicklin's penalty was meted out as required by § 565.020.2, RSMo 1994. Section 558.047, RSMo 2016, purports to alter Hicklin's sentence so that it is no longer what § 565.020.2, RSMo 1994, mandated: "either death or imprisonment for life without eligibility for probation or parole, or release except by act of the governor."

Section 558.047 is a legislative attempt to allow the parole board to review and revise unconstitutional sentences. However, because Hicklin's sentence is void, there is no sentence for the parole board to review. Indeed, Missouri courts have long held that the remedy for a void sentence is resentencing. *See Merriweather v. Grandison*, 904 S.W.2d 485, 487–88 (Mo. App. W.D. 1995) (gathering cases). This is because it is well established that a void sentence is a nullity. *Ex parte Reed*, 100 U.S. 13, 21 (1879). Missouri courts "treat a void judgment as though no judgment had ever been imposed." *State v. Franklin*, 307 S.W.3d 205, 208 (Mo. App. S.D. 2010) (citing *State ex rel. Dutton v. Sevier*, 83 S.W.2d 581, 583 (Mo. banc 1935) (holding that "[a] void judgment is no judgment" and remanding inmate, whose sentence was void, for resentencing)). In the absence of a non-void sentence, a sentence review is meaningless.

By affording a right to petition for sentence review to "[a]ny person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses," § 558.047.1(1), RSMo 2016, the legislature created a class of individuals authorized to file a single petition for sentence review. This class consists of juvenile

offenders who can show that they had been sentenced to life without parole before that date. Generally, federal courts will try to interpret statutes the way that the highest state court would. But, also as a principle of statutory construction, this Court should follow the rule "that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. and Const. Trades Council*, 485 U.S. 568, 575 (1988). Certainly, the legislature did not intend for juveniles to wait for twenty-five years to have their unconstitutional sentence reviewed; if the legislature did intend to do so, then it delayed consideration of the *Miller* factors longer than the Constitution permits.

This Court should issue a writ of habeas corpus and instruct the Missouri Supreme Court to order that Ms. Hicklin be resentenced for the offense of first-degree murder after consideration of the *Miller* factors.

**GROUND THREE:** Ms. Hicklin has been deprived of the federal right to jury sentencing with consideration of the *Miller* factors.

Section 558.047, RSMo 2016, deprives Hicklin of the right to jury sentencing.[5] "While there is no [state] constitutional right to jury sentencing, Missouri provides a statutory right to jury sentencing unless (1) the defendant requests in writing, prior to voir dire, that the trial court assess punishment, or (2) the State pleads and proves the defendant is a prior or persistent offender." *State v. Collins*, 290 S.W.3d 736, 744

---

[5] Hicklin was tried by a jury. *State v. Hicklin*, 969 S.W.2d 303, 306 (Mo. App. W.D. 1998).

(Mo. App. E.D. 2009).[6] Thus, in Missouri, the accused has a statutory right to have a jury "assess and declare the punishment." § 557.036.3, RSMo 2016. The jury declares the maximum punishment; except in limited circumstances, the court cannot impose a sentence harsher than that which the jury selects. § 557.036.5, RSMo 2016. Where the state provides jury sentencing as part of its criminal procedural law, a defendant "has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in an exercise of its statutory discretion . . . and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State." *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (internal citation omitted). *Hicks* creates a cognizable federal right to jury sentencing under the circumstances of this case.

As described above, under *Miller*, the factors that must be considered by the sentencer in determining what punishment a juvenile convicted of murder should receive are: (1) the juvenile's age and related characteristics, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) family life and home environment; (3) the circumstances of the homicide offense; and (4) the possibility of rehabilitation. *Miller*, 567 U.S. at 477-78. The legislature recognizes this. It has enacted a statute requiring sentencers to consider these factors and others for offenses occurring after July 13, 2016. § 565.033, RSMo 2016.[7]

---

[6] In the unlikely event that Hicklin could be considered to have somehow waived her right to jury sentencing, that waiver cannot be held against her now for the reasons the Supreme Court of Missouri explained in *Hart*. 404 S.W.3d at 239–41.
[7] The factors listed in § 565.033, RSMo 2016, are: "(1) The nature and circumstances of the offense committed by the defendant; (2) The degree of the defendant's culpability in light of his or her age and role in the offense; (3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense; (4) The defendant's

15

This Court should issue a writ of habeas corpus and instruct the Missouri

Supreme Court to order that Ms. Hicklin be resentenced for the offense of first-degree

murder after consideration of the *Miller* factors.

13.    **Please answer these additional questions about the petition you are filing:**

    (a)  **Having all ground for relief that you have raised in this petition been**

        **presented to the highest state court having jurisdiction?** Yes

    (b)  **Is there any ground in this petition that had not been presented in some state**

        **or federal court?** No

14.    **Have you previously filed any type of petition, application, or motion in a federal**

    **court regarding the conviction that you are challenging in this petition?** Yes

        **If "yes," state the name and location of the court, the docket or case number,**

        **the type of proceeding, the issues raised, the date of the court's decision, and**

        **the result for each petition, application, or motion filed. Attach a copy of any**

        **court opinion or order, if available:** *Hicklin v. Roper*, 4:03CV01734TCM

        (United States District Court for the Eastern District of Missouri) *Hicklin v.*

        *Steele*, 16-0666 (United States Supreme Court).

15.    **Do you have any petition or appeal now pending (filed and not decided) in any**

    **court, either state or federal for the judgment you are challenging?** No

---

background, including his or her family, home, and community environment; (5) The likelihood
for rehabilitation of the defendant; (6) The extent of the defendant's participation in the offense;
(7) The effect of familial pressure or peer pressure on the defendant's actions; (8) The nature and
extent of the defendant's prior criminal history, including whether the offense was committed by
a person with a prior record of conviction for murder in the first degree, or one or more serious
assaultive criminal convictions; (9) The effect of characteristics attributable to the defendant's
youth on the defendant's judgment; and (10) A statement by the victim or the victim's family
member as provided by section 557.041 until December 31, 2016, and beginning January 1,
2017, section 595.229."

16.     **Give the name and address, if you know, of each attorney who represented you**

   **in the following state of the judgment you are challenging?**

   **(a) At the preliminary hearing**:

   > S. Chase Higginnotham, Jr #37647
   > District Public Defender
   > 1612 Elm
   > Harrisonville, MO 64701
   > 816-380-3160

   **(b) At the arraignment**: S. Chase Higginbotham Jr

   **(c) At trial**: S. Chase Higginbotham Jr

   **(d) At sentencing**: S. Chase Higginbotham Jr

   **(e) On appeal**:

   > Barbara Greenberg, #38454
   > 222 South Central, Suite 1003
   > St. Louis, MO 63105
   > 314-721-2422

   **(f) In any post-conviction proceedings**:

   > **PCR/Trial Court**:

   > Sean D. O'Brien #30116
   > Angela R. Keck #45787
   > 5319 Rockhill Road
   > Kansas City, MO 64110
   > 816-363-2795

   > **Declaratory Judgment**:

   > Anthony E. Rothert
   > Gillian Wilcox
   > Jessie Steffan
   > Kayla DeLoach
   > ACLU-MO
   > 906 Olive Street, Suite 1130
   > St. Louis, MO 63101

17

17.  **Do you have any future sentence to serve after you complete the sentence imposed by the judgment being challenged?**

**Yes [  ] No [ X ]**

18.  **TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.**

The judgment of conviction became final over one year ago; however, the one-year statute of limitations does not bar this petition because the claim for relief arose no earlier that the Supreme Court's *Miller* opinion on June 25, 2012. Hicklin filed a state court habeas petition on October 16, 2012 and, since that date, had pending a state proceeding challenging her sentence on *Miller* ground continuously until January 26, 2021—through a state habeas proceeding dismissed without prejudice as moot following the passage of legislation followed by a state declaratory judgment or, in the alternative, habeas proceeding challenging the effectiveness of the legislation at curing the constitutional error in Hicklin's sentence.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827MO
Jessie Steffan, #64861MO
Kayla DeLoach, #72424MO
ACLU of Missouri Foundation
906 Olive Street, Suite 1130
St. Louis, Missouri 63101
(314) 652-3114
(314) 652-3112 (facsimile)
arothert@aclu-mo.org
jsteffan@aclu-mo.org
kdeloach@aclu-mo.org

Gillian R. Wilcox, #61278MO
406 West 34th Street, Suite 420
Kansas City, Missouri 64111
ACLU of Missouri Foundation
 (816) 470-9938
gwilcox@aclu-mo.org

*Attorneys for Petitioner*